IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT CHOATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 08-738-GPM |
| | ) |
| AMERICAN COAL COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court on the matter of dismissal of the case by reason of Plaintiff Matt Choate's failure to obey an order of the Court and failure to prosecute the case. Choate is proceeding pro se in this case on a claim of retaliatory discharge against Defendant American Coal Company ("American"). On December 28, 2009, the Court granted a motion by Choate's attorney Mark D. Prince to withdraw from continued representation of Choate. *See* Doc. 24 at 1. In the December 28 order granting Prince leave to withdraw as Choate's counsel Choate was directed to inform the Court in writing of his telephone number and to confirm his address of record by January 15, 2010. *See id*. The December 28 order also reminded Choate that a settlement conference was scheduled in this case on January 26, 2010, at 9:30 a.m. and that Choate's settlement statement was due not later than January 15, 2010. *See id*. at 2. The December 28 order specifically warned Choate that "[f]ailure to comply with the aforementioned requirements may result in this case being dismissed." *Id*. To date Choate has not supplied the Court with his telephone number or confirmed his address of record.

Also, Choate never submitted a settlement statement to the Court and failed to appear at the January 26 settlement conference. At the January 26 conference counsel for American moved orally to dismiss this case by reason of Choate's failure to obey the Court's December 28 order and failure to prosecute this case, and the Court concludes that American's motion to dismiss is due to be granted.

Rule 41 of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). *See also Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 467 (7th Cir. 1994). "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). *See also O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 950 (7th Cir. 2000); *Horwitz v. Alloy Auto. Co.*, 992 F.2d 100, 102 (7th Cir. 1993). The United States Court of Appeals for the Seventh Circuit has cautioned that, in general, a court may not dismiss a case with prejudice under Rule 41(b) without providing an explicit warning to the plaintiff that his or her case is in danger of being dismissed on the merits. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) (citing *Aura Lamp & Lighting, Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff . . . . [T]he rule was adopted specifically for situations in which claims are dismissed *with* prejudice.") (emphasis in original); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (quoting *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993)) ("[T]he judge should not dismiss a

case . . . for failure to prosecute . . . without due warning to the plaintiff's counsel[.]"); *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (stating that "[d]ue warning" to a plaintiff of the impending dismissal of the plaintiff's case under Rule 41(b) "need not be repeated warnings and need not be formalized in a rule to show cause . . . . But there should be an explicit warning in every case."). *Cf. In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995) (advance warning of dismissal is not required "where it is clear that counsel must have *expected* his actions (or inaction) to be answered with dismissal.") (emphasis in original). Here the Court gave Choate an explicit warning that a failure to comply with the Court's December 28 order and a failure to prosecute this case could result in dismissal of the case. Thus, the Court will grant American's motion to dismiss this case.

To conclude, pursuant to Rule 41(b) American's oral motion for dismissal of this case (Doc. 26) is **GRANTED**, and this case is **DISMISSED with prejudice** by reason of Choate's failure to comply with Court's December 28 order and by reason of want of prosecution. The Clerk of Court will enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: January 26, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge